1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

8 WRI WEST GATE SOUTH, L.P.,

Plaintiff,

Case No.  14-cv-03802-JSC

9

v.

10

11 RELIANCE MEDIAWORKS (USA) INC.,
et al.,

**ORDER FOR SUPPLEMENTAL
BRIEFING RE: MOTION TO CHANGE
VENUE**

Re: Dkt. No. 27

12 Defendants.

13

14        Plaintiff WRI West Gate South L.P. ("WRI") filed this action against Defendant Reliance

15 Mediaworks, Ltd. ("Reliance") alleging breach of contract and breach of guaranty claims related

16 to a lease agreement between Plaintiff and one of Defendant's subsidiaries which was guaranteed

17 by Defendant.  Although Plaintiff agreed to extend the time for Defendant to file a responsive

18 pleading, Defendant failed to answer or otherwise appear and default was entered against it.

19 Defendant subsequently moved to set aside default, which Plaintiff did not oppose, and the Court

20 granted.   Defendant thereafter filed the now pending motion to dismiss under Federal Rule of

21 Civil Procedure 12(b)(3), or in the alternative for transfer of this action to the Oakland Division of

22 the Northern District of California contending that venue is improper under the forum selection

23 clause in the parties' lease agreement.  (Dkt. No. 27.)  Plaintiff opposes the motion contending that

24 Defendant waived any objection to venue through its earlier default, and even if this were not the

25 case, the parties' forum selection clause allows for venue in either a state or federal court within

26 Alameda County.

27        Neither parties' briefs address the Supreme Court's recent decision in *Atlantic Marine*

28 *Construction Co. v. United States District Court*, 134 S. Ct. 568 (2013).  There, the court

United States District Court
Northern District of California

1  explained that

> [w]hen venue is challenged, the court must determine whether the
> case falls within one of the three categories set out in [28 U.S.C. §]
> 1391(b). If it does, venue is proper; if it does not, venue is improper,
> and the case must be dismissed or transferred under § 1406(a).
> Whether the parties entered into a contract containing a forum-
> selection clause has no bearing on whether a case falls into one of
> the categories of cases listed in § 1391(b). As a result, a case filed in
> a district that falls within § 1391 may not be dismissed under §
> 1406(a) or Rule 12(b)(3).

*Id.* at 577. Thus, Rule 12(b)(3) is "not [the] proper mechanism[ ] to enforce a forum-selection

clause[;]" rather, "[Section] 1404(a) and the forum non conveniens doctrine provide appropriate

enforcement mechanisms." *Id.*; *Niburutech Ltd. V. Jang*, --- F. Supp. 3d ----, No. C 14-3091, 2014

WL 6790031, at *1 (N.D. Cal. Dec. 2, 2014); *see, e.g.*, *Monastiero v. appMobi, Inc.*, 15 F. Supp.

3d 956, 959-60 (N.D. Cal. 2014); *Marcotte v. Micros Systs., Inc.*, No. C-14-01372, 2014 WL

4477349, at *5-6 (N.D. Cal. Sept. 11, 2014).

Here, the sole basis on which Defendant seeks to dismiss for improper venue is that the

forum selection clause so requires.  Defendant does not contend that venue is improper in this

District pursuant to Section 1391, and indeed, venue appears to lie here under this statute as "a

substantial part of the events . . . giving rise to the claim occurred" in the Northern District of

California, and Defendant did business in this District. 28 U.S.C. § 1391(b)(2), (c). Thus, it

appears that dismissal for improper venue is not required under Rule 12(b)(3) or Section 1406(a).

However, neither party has used the proper standard to be applied in a motion where, as here, the

parties appear to agree that there is a valid forum selection clause, but disagree as to its

application.  Under *Atlantic Marine*, if there is a valid forum selection clause, then the Plaintiff

bears the burden of showing exceptional circumstances unrelated to the convenience of the parties

that make transfer inappropriate.  134 S. Ct. at 581; *see also Rowen v. Soundview Commc'ns, Inc.*,

No. 14-cv-05530, 2015 WL 899294, at *3 (citations omitted); *Bayol v. Zipcar, Inc.*, No. 14-cv-

02483, 2014 WL 4793935, at *1 (N.D. Cal. Sept. 25, 2014).

Accordingly, the parties are ORDERED to submit supplemental briefing addressing: (1)

whether Plaintiff's waiver argument remains viable in light of *Atlantic Marine*'s conclusion that

enforcement of a forum selection clause is not a venue issue, and (2) the propriety of dismissal

*United States District Court*
*Northern District of California*

2

1   under Section 1404(a) given the forum selection clause here.  The parties' supplemental briefs are

2   due by March 24, 2015.  The hearing regarding this motion is rescheduled for April 2, 2015 at

3   9:00 a.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California.

4

5          **IT IS SO ORDERED.**

6   Dated:  March 17, 2015

7                                                          JACQUELINE SCOTT CORLEY
                                                           UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3