UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRI WEST GATE SOUTH, L.P.,<br><br>    Plaintiff,<br><br>    v.<br><br>RELIANCE MEDIAWORKS (USA) INC., et al.,<br><br>    Defendants. | Case No. 14-cv-03802-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO TRANSFER TO OAKLAND DIVISION**<br><br>Re: Dkt. No. 27 |

Plaintiff WRI West Gate South L.P. ("WRI") filed this action against Defendant Reliance Mediaworks, Ltd. ("Reliance") alleging breach of contract and breach of guaranty claims related to a lease agreement between Plaintiff and one of Defendant's subsidiaries. Defendant moved to dismiss for improper venue, or alternatively to transfer for improper venue under 28 U.S.C. § 1404(a) based on a forum selection clause in the parties' lease agreement. (Dkt. No. 27.) Because neither parties' briefs addressed the Supreme Court's recent decision in *Atlantic Marine Construction Co. v. United States District Court*, 134 S. Ct. 568 (2013), the Court ordered the parties to submit supplemental briefing. Having considered the parties' briefs, including their supplemental filings, and having had the benefit of oral argument on April 16, 2015, the Court construes the motion as a motion to transfer under 28 U.S.C. § 1404(b) and DENIES the motion.

**BACKGROUND**

In December 2009, Plaintiff entered into a lease agreement with Big Cinemas for a movie theater in Fremont, California. (Complaint at ¶ 6.) Defendant, Big Cinema's parent company, guaranteed the full performance of Big Cinemas under the lease agreement. (*Id*. at ¶¶ 14-16.) Plaintiff alleges that over the course of the lease Big Cinemas was habitually late with its rent and other payments and ceased all rent payments in February 2014. (*Id*. at ¶ 18.) Plaintiff subsequently filed an unlawful detainer action against Big Cinema in the Alameda County

Superior Court seeking to reclaim possession of the property, and obtained a judgment in its favor in June 2014. (*Id*. at ¶ 22.) This damages action followed.

The Lease's forum selection clause provides that "[t]his Lease shall be construed in accordance with the laws of the State in which the Shopping Center is located, and the County in which the Shopping Center is located shall be the venue for any litigation arising from this Lease." (Dkt. No. 29-1 at p. 14 § 25.05.) Defendant initially argued that venue was improper in federal court in light of the forum selection clause and sought dismissal under Federal Rule of Civil Procedure 12(b)(3), or alternatively, transfer to the Oakland Division of the Northern District of California under 28 U.S.C. § 1406(a) or § 1404(a). Plaintiff opposed the motion contending that Defendant waived any objection to venue, and in any event, the parties' forum selection clause allows for venue in either a state or federal court within Alameda County. Because neither parties' briefs addressed the Supreme Court's recent decision in *Atlantic Marine Construction Co. v. United States District Court*, 134 S. Ct. 568 (2013), regarding forum selection clauses, the Court ordered the parties to submit supplemental briefing. In their supplemental briefing, the parties' positions altered significantly. Plaintiff abandoned its waiver argument and Defendant abandoned its argument in favor of dismissal, and instead, now only requests transfer to the Oakland division pursuant to 28 U.S.C. section 1404(a). (Dkt. Nos. 41 & 42.)

## DISCUSSION

Defendant's supplemental brief abandons any argument in favor of dismissal and instead requests transfer to the Oakland division under Section 1404(a). Defendant concedes that there is no practical difference to the parties in having the case assigned to the Oakland division rather than the San Francisco division; rather, Defendant seeks assignment to the Oakland division to "give effect to the parties' forum selection clause." Because Defendant's motion now only seeks transfer to the Oakland division it is more properly considered a motion under Rule 1404(b) which provides that "[u]pon motion, consent or stipulation of all parties, any action...may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." *See also* N.D. Local Rule 3-2 ("[w]henever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within

2

1    this district in accordance with this rule, or that the convenience of parties and witnesses and the
2    interests of justice will be served by transferring the action to a different division within the
3    district, the Judge may order such transfer, subject to the provisions of the Court's Assignment
4    Plan."). Accordingly, the Court will construe it as a motion under 1404(b). [1]

5          A motion to change venue to another division of the same district rests in the discretion of
6    the court. *See Costa v. Wirtgen Int'l GmbH & Co. KG*, No. 12-05669, 2013 WL 1636043, at *1
7    (N.D. Cal. Apr. 16, 2013). Here, the Defendant concedes that the only reason that it is requesting
8    transfer to the Oakland division is because of the language of the forum selection clause; notably,
9    Defendant does not advance any policy reasons in favor of its argument such as a concern that it
10   might waive its right to enforce other provisions of the agreement at issue if it agreed to have the
11   case heard in San Francisco rather than Oakland (which it would not). Nor does Defendant argue
12   that it makes any difference to the parties whether the case is heard here rather than Oakland—the
13   jury pool is the same regardless. Thus, the transfer would be based on a technicality of language
14   with respect to the contract.

15         The Court concludes that to transfer the case under these circumstances would undermine
16   the Northern District of California's Court Assignment Plan. The Plan provides that "all civil
17   actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to
18   a Courthouse serving the county in which the action arises." N.D. Cal. L. R. 3-2(c). Further, "all
19   civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake,
20   Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San
21   Francisco Division or the Oakland Division." *Id*. at 3-2(d). Plaintiff filed this action in the

---

[1] Although, given Defendant's arguments, the Court construes the motion as a motion to transfer under Section 1404(b) rather than a motion under 1404(a) or the doctrine forum non conveniens, even if the Court were to analyze it under traditional forum non conveniens principals as set forth in *Atlantic Marine*, the Court would conclude that extraordinary circumstances counsel against transfer or dismissal. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) ("Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."). To grant the motion here based on the technicality of the forum selection clause would undermine the Court's Intradistrict Assignment Plan discussed supra and open the door for parties to routinely division-shop as it were. *Id*. at n.6 (noting that courts should consider whether public interest factors such as "the administrative difficulties flowing from court congestion" weigh against transfer or dismissal).

United States District Court
Northern District of California

Oakland division, but it was reassigned to the San Francisco division in accordance with the assignment plan. While the Court has the authority under Section 1404(b) to transfer the case back to the Oakland division, it declines to do so here given Defendant's inability to advance any substantive justification to deviate from the assignment plan and the court's institutional need to maintain the integrity of its assignment plan. Defendant's motion is therefore denied.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss or transfer venue under Section 1404(a) is construed as a motion to transfer under Section 1404(b), and so construed, is DENIED.

The parties shall appear for a Case Management Conference on May 7, 2015 with the Joint Case Management Conference Statement due the week before.

Defendant's answer is due May 18, 2015.

**IT IS SO ORDERED.**

Dated: April 21, 2015

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE