UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRI WEST GATE SOUTH, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>RELIANCE MEDIAWORKS (USA) INC., et al.,<br><br>Defendants. | Case No. 14-cv-03802-JD (JSC)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO DISMISS COUNTER-COMPLAINT**<br><br>Re: Dkt. No. 55 |

Plaintiff WRI West Gate South L.P. ("WRI") filed this action against Defendant Reliance Mediaworks, Ltd., d.b.a. Big Cinemas ("Big Cinemas") alleging breach of contract and breach of guaranty claims related to a lease.  Big Cinemas filed a cross-complaint alleging wrongful eviction, breach of contract, breach of warranty, breach of the covenant of quiet enjoyment, breach of the covenant of good faith and fair dealing, and conversion.  (Dkt. No. 52.)  Plaintiff's motion to dismiss the counter-complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 55) was referred to the undersigned judge for a report and recommendation.  After reviewing the pleadings, including Big Cinemas' supplemental brief (Dkt. No. 86), the Court concludes that oral argument is unnecessary.  *See* Civ. L. R. 7-1(b).

The Court recommends that the motion to dismiss be GRANTED IN PART and DENIED IN PART.  Big Cinemas' claims for wrongful eviction, breach of contract and breach of the covenant of quiet enjoyment are barred by claim and issue preclusion arising from the unlawful detainer judgment.  The breach of the implied covenant claim is redundant to the breach of

contract claim and thus must also be dismissed. And Big Cinemas concedes that its warranty claims fail as a matter of law. Finally, the conversion claim survives because it appears that Big Cinemas disputes that it received proper notice of the disposition of its personal property.

## BACKGROUND

In December 2009, WRI entered into a lease agreement with Big Cinemas for a movie theater in Fremont, California. (Complaint at ¶ 6.) Reliance Mediaworks, Big Cinemas' parent company, guaranteed the full performance of Big Cinemas under the lease agreement. (Id. at ¶¶ 14-16.) Over the course of the lease Big Cinemas was habitually late with its rent and other payments and ceased all rent payments in February 2014. (*Id*. at ¶ 18.) In April 2014, WRI served Big Cinemas with a Ten-Day Notice to Pay Rent or Surrender Possession, but did not receive a response. (*Id.* ¶¶ 19-20.) WRI thereafter filed an unlawful detainer action against Big Cinemas in the Alameda County Superior Court seeking to reclaim possession of the property, and obtained a judgment in its favor in June 2014. (*Id*. at ¶ 22.)

In August 2014, WRI filed this action against Reliance as the guarantor and Big Cinemas as the tenant seeking to recover damages for breach of contract and breach of guaranty. (Dkt. No. 1.) Defendant Big Cinemas initially failed to respond to the summons and complaint and default was entered. (Dkt. No. 16.) Over a month later, Big Cinemas moved to set aside the default contending that there was good cause for the delay in responding to the complaint as Big Cinemas was attempting to obtain local counsel. (Dkt. No. 19.) WRI filed a statement of non-opposition to the motion to set aside default, and the Court granted the motion. (Dkt. No. 26.) Prior to filing a responsive pleading, Big Cinemas filed a motion to dismiss or change venue, which the Court denied. (Dkt. Nos. 27 &44.)

Big Cinemas thereafter filed its answer and a counter-complaint alleging seven counts (1) constructive wrongful eviction, (2) breach of implied warranty of habitability, (3) tortious breach of the warranty of habitability, (4) breach of the covenant of quiet enjoyment, (5) breach of contract, (6) breach of the covenant of good faith and fair dealing, and (7) conversion. (Dkt. No. 52.) Big Cinemas alleges that WRI changed the locks on the property in May 2014 without first providing notice and as a result Big Cinemas had no way to access the property. (Dkt. No. 52,

Counter-Complaint at ¶ 7.) Big Cinemas further alleges that WRI converted its personal property located inside the premise without notice. (*Id*. at ¶ 8.) Further, WRI allegedly violated its obligation under the lease to provide Big Cinemas with the right to quiet enjoyment of the premises and to repair and maintain the premises. (*Id*. at ¶¶ 12-13.) Finally, WRI failed to mitigate damages and look for a new tenant for the property. (*Id*. at ¶¶ 9-11.)

WRI's now pending motion to dismiss the counter-complaint followed. (Dkt. No 55.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir.2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys*., 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). A claim may be dismissed under the doctrine of res judicata on a motion to dismiss under Rule 12(b)(6) when the Court is able to discern the relevant facts by way of judicial notice of the earlier court proceedings. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984) (affirming dismissal pursuant to Rule 12(b)(6) on grounds of res judicata because the district court did not consider any disputed facts).

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting

3

Twombly, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 663–64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Breach of Warranty of Habitability (Counts Two and Three)

Big Cinemas concedes that the breach of warranty of habitability claims (counts two and three) fail as a matter of law. (Dkt. No. 62 at 6:21-26). Accordingly, claims two and three should be dismissed without leave to amend.

### B. Preclusion (Counts One, Four and Five)

WRI contends that the Alameda County Superior Court's entry of default judgment against Big Cinemas in the unlawful detainer action bars Big Cinemas' counter-claims for constructive wrongful eviction (count one), breach of the covenant of quiet enjoyment (count four), and breach of contract (count five). "[E]mbodied in the doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies ..." *Montana v. U.S.*, 440 U.S. 147, 153 (1978) (internal quotation marks omitted). Whereas res judicata (also known as "claim preclusion") bars relitigation of the same cause of action in a second suit, collateral estoppel (also known as "issue preclusion") precludes relitigation of the

4

same issues in a second suit.[1]  *See Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 896 (2002). If the former judgment is a state court judgment, a federal court applies the preclusion rules of the state. *See Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984).

WRI initially moved to dismiss based on issue preclusion, but its reply brief also suggests that Big Cinemas' claims are barred by claim preclusion. The Court thus granted Big Cinemas the opportunity to respond to WRI's arguments regarding claim preclusion, and Big Cinemas filed a supplemental brief arguing that claim preclusion does not apply. (Dkt. No. 86.)  The Court has analyzed the preclusive effect of the unlawful detainer judgment under both doctrines and concludes that Big Cinemas' claims are barred under both.

### 1. Claim Preclusion

Claim preclusion bars the relitigation of "the same cause of action in a second suit between the same parties or parties in privity with them." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015), reh'g denied (Aug. 12, 2015).  The elements necessary to establish claim preclusion are: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *Id*. (internal citation and quotation marks omitted).

#### a) Final Judgment on the Merits

Under California law, "a judgment of default in a civil proceeding is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint." *Murray v. Alaska Airlines, Inc.*, 50 Cal.4th 860, 871 (2010) (internal citation and quotation marks omitted); *Carey v. United States*, No. 08–2504, 2010 WL 1904841, at *6 (E.D. Cal. May 7, 2010) ( "[t]he doctrine of res judicata applies even against a default judgment.").  Thus, where a state court enters judgment against a borrower in an unlawful detainer action and issues a writ of possession, this constitutes a final judgment on the merits, even if the judgment was entered in default.  *See, e.g.*, *Albano v. Nw. Fin. Haw., Inc.*, 244 F.3d 1061, 1064 (9th Cir. 2001) (holding a default judgment in a foreclosure

---

[1] The remainder of this Order will refer to the doctrines as claim preclusion and issue preclusion as the United States Supreme Court and Ninth Circuit "have indicated a preference for the use of the[se] modern terms." *Pedrina v. Chun*, 906 F.Supp. 1377, 1399 n.8  (D. Haw. 1995) (citations omitted).

action was res judicata to borrowers' later-filed TILA claim); *Thomas*, 2013 WL 3992999 at *4 ("a judgment entered against a borrower in an unlawful detainer action along with the issuance of writ of possession constitute a final judgment on the merits"); *Castle*, 2011 WL 3626560 at *4 (same).

Here, the Superior Court entered default judgment against Big Cinemas on June 3, 2014, and issued a writ of possession on June 5, 2014. (Dkt. No. 57-1 & 56-5.)[2] The entry of default judgment acts a final judgment on the merits. Big Cinemas does not argue otherwise.

### b) Same Cause of Action

Two proceedings are based on the same cause of action if they are "based on the same 'primary right'" or injury. *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal.App. 4th 1180, 1202 (2004). "If an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983) (internal citations omitted).

Under the primary rights theory, a cause of action consists of "1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which consists in a breach of such primary right and duty." *Gamble v. General Foods Corp.*, 229 Cal.App.3d 893, 898 (1991). Thus, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 897 (2002).

---

[2] Pursuant to Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (i) is generally known within the trial court's territorial jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir.2010). WRI requests judicial notice of several documents filed in the Alameda County Superior Court unlawful detainer action including the summons and complaint, request for entry of default, request for entry of default judgment, entry of default, entry of default judgment, and the docket, *see* Exhibits A-F (Dkt. Nos. 56-1, 56-2, 56-3, 56-4, 56-5, 57-1). The Court grants the request for judicial notice of these documents because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evd. 201; (Dkt. No. 56.) WRI's request for judicial notice of Exhibit G will be addressed separately *infra*.

WRI contends that Big Cinemas' claims for constructive eviction, breach of the covenant of quiet enjoyment, and breach of contract all could have been brought in defense of the unlawful detainer action and thus are barred. Big Cinemas counters that the unlawful detainer action is only preclusive as to the actual unlawful detainer and not as to other issues that were not raised in the action by virtue of Big Cinemas' default.

Big Cinemas is correct that "an unlawful detainer action is given limited res judicata effect because it is a summary proceeding limited to resolution to the question of possession." *Thomas v. Bank of Am., N.A.*, No. 12-2475, 2013 WL 3992999, at *5 (S.D. Cal. Aug. 5, 2013) (*citing Malkoskie v. Option One Mort. Corp.*, 188 Cal.App.4th 968, 973 (2010)). However, Big Cinemas' counter-claim allegations all relate to the right of possession and arise from the same set of facts as the unlawful detainer action.

Big Cinemas contends that WRI "failed and neglected to perform its duties and obligations under the Lease and is in default." (Dkt. No. 52, Counter-Complaint at ¶ 34.) Likewise, the breach of the covenant of quiet enjoyment claim alleges that "WRI breached Big Cinemas [sic] quiet enjoyment of their property interest, by amongst other acts changing the locks on the premises to deny Big Cinemas access." (*Id*. at ¶ 30.) Finally, the constructive wrongful eviction claim alleges that WRI violated the lease and "WRI kept substandard premises and interfered with Big Cinemas' right of possession, including changing the locks." (*Id*. at ¶ 16.) These claims all relate to Big Cinemas' alleged right to possession of the property, but Big Cinemas elected not to dispute WRI's right to possess the property when it chose not to defend the unlawful detainer action. Judgment was entered against Big Cinemas and it has not moved to set it aside nor has it alleged any new facts in support of its failure to defend that action.[3] Instead, in response to WRI's breach of contract claim here, Big Cinemas has asserted claims which could have been raised in the

---

[3] Big Cinemas' statement in its supplemental brief that the unlawful detainer proceeding was decided through summary judgment (Dkt. No. 86 at 3:23-24) is flatly incorrect—it was resolved by default judgment. A default judgment "conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment." *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 149, 46 Cal. Rptr. 3d 7, 34 (2006) (internal citation and quotation marks omitted).

7

unlawful detainer action. *See Castle v. Mortgage Elec. Registration Sys., Inc.*, No. 11-00538, 2011 WL 3626560, at *8 (C.D. Cal. Aug. 16, 2011) (holding that an unlawful detainer action obtained by default judgment barred a complaint alleging wrongful foreclosure, wrongful eviction, quiet title, and unfair business practices as they were predicated on the same factual allegations).[4]

Big Cinemas' suggestion that it could not have raised these claims because counter-claims are barred in an unlawful detainer action is unavailing as they could have been raised in defense of the unlawful detainer. *See Green v. Superior Court*, 10 Cal. 3d 616, 633 (1974) (noting that in defense of an unlawful detainer action a tenant can raise "a defense which [] directly relate[s] to the issue of possession and which, if established, would result in the tenant's retention of the premises."); *Slater v. Conti*, 171 Cal. App. 2d 582, 585-86 (1959) (holding that both an actual eviction and "where the tenant is deprived of the beneficial enjoyment of a substantial part of the leased premises" may be treated "as a constructive eviction" and "rely upon the eviction as a defense in unlawful detainer."). Big Cinemas' citation to cases involving unlawful detainer actions resolved via stipulated judgment is likewise unpersuasive. *Landeros v. Pankey*, 39 Cal. App. 4th 1167, 1174 (1995), involved issue preclusion (collateral estoppel) not claim preclusion; moreover, the court held that because the unlawful detainer was limited to two months unpaid rent, the tenant could not have raised the defense of breach of the warranty of habitability for the full three-year tenancy. *Pelletier v. Alameda Yacht Harbor*, 188 Cal. App. 3d 1551, 1557 (Ct. App. 1986), similarly discusses issue preclusion and whether the stipulation stated that certain issues were resolved. A stipulated judgment which allows the parties to specify the claims being

---

[4] Courts consistently have held that such claims may not be litigated following the entry of judgment in an unlawful detainer action. *See Ann v. Tindle*, 321 Fed. Appx. 619, 619–20 (9th Cir. 2009) (holding that the plaintiff's breach of contract and civil rights claims were barred by res judicata (claim preclusion) arising from an unlawful detainer default judgment because the claims "concern[ed] the same primary right as the unlawful detainer action ...: [the plaintiff's] rights to the apartment."); *Dancy v. Aurora Loan Servs.*, No. CV 10–2602 SBA, 2011 WL 835787, at *4–6 (N.D. Cal. Mar. 4, 2011) (holding an unlawful detainer judgment barred the plaintiff's action to quiet title); *Carter v. U.S. Bank N.A.*, No. CV 10-2365 DMS (POR), 2011 WL 1004830, at *3 (S.D. Cal. Mar.18, 2011) (same as to the plaintiff's claims to set aside the trustee's sale and cancel the trustee's deed); *Lai v. Quality Loan Serv. Corp.*, No. CV 10-2308, 2010 WL 3419179, at *3–6 (C.D. Cal. Aug. 26, 2010) (same as to the plaintiff's claims to void or set aside the deed of trust and foreclosure sale); *Velasquez v. U.S. Bank Nat'l Ass'n*, No. CV 09–1104 PSG (AJWx), 2009 WL 1941807, at *2–3 (C.D. Cal. July 1, 2009) (same as to the plaintiff's action to quiet title); *Malkoskie,* 188 Cal.App.4th at 972–74 (same as to claims to quiet title, among others).

8

released is wholly different from a default judgment which is afforded preclusive effect as to both those issues that were litigated and those that could have been litigated. *See Castle v. Mortgage Elec. Registration Sys., Inc.*, No. 11-00538, 2011 WL 3626560, at *8 (C.D. Cal. Aug. 16, 2011).

Big Cinemas' claims for constructive wrongful eviction, breach of the covenant of quiet enjoyment, and breach of contract "involve[] pleading a different theory of recovery, but addresses the same injury" as that at issue in the unlawful detainer action. *Ann*, 321 Fed. Appx. at 620 (*citing Zimmerman v. Stotter*, 160 Cal.App.3d 1067, 207 Cal.Rptr. 108 (1984)). Accordingly, the unlawful detainer action and these claims seek to vindicate the same primary right.

### c) Privity Between the Parties

Privity is established where "the party against whom the defense is asserted was a party or was in privity with a party to the prior adjudication." *Consumer Advocacy Grp., Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 689 (2008) (internal citation and quotation marks omitted). The parties in the Alameda County Superior Court unlawful detainer action are identical to the parties in the present action. Thus, the privity element is met.

Accordingly, all the elements for claim preclusion have been met.

### 2. Issue Preclusion (Collateral Estoppel)

"While claim preclusion bars litigation in a subsequent action of any issue that could have been raised in the prior action, issue preclusion, by contrast, bars relitigation of issues that were actually litigated and necessarily decided in a prior action." *Castle*, 2011 WL 3626560 at *10 (internal citations omitted). "Issue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *DKN Holdings LLC*, 61 Cal. 4th at 824. Issue preclusion applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Id.* at 825. "The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Lucido v. Super. Ct.*, 51 Cal.3d 335, 342 (1990).

### a) Final Judgment on the Merits

9

Where a judgment is entered by default, as here, it serves to preclude relitigation of all of the material allegations of the complaint and every fact necessary to uphold the default judgment. *Murray v. Alaska Airlines, Inc.*, 50 Cal.4th 860, 871 (2010) ("a judgment of default in a civil proceeding is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint.").

### b) Identity of Issues

"[A] default judgment conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment." *Mitchell v. Jones*, 172 Cal.App.2d 580, 586–87 (1959).

The basic elements of unlawful detainer for nonpayment of rent are set forth in California Code of Civil Procedure section 1161, subdivision (2): (1) the tenant is in possession of the premises; (2) that possession is without permission; (3) the tenant is in default for non-payment of rent; (4) the tenant has been properly served with a written three-day notice; and (5) the default continues after the three-day notice period has elapsed. *Kruger v. Reyes*, 232 Cal. App. 4th Supp. 10, 16 (Cal. App. Dep't Super. Ct. 2014). In this action, Big Cinemas requests that the Court declare that WRI's actions interfered with Big Cinemas' right to possession, right to quiet enjoyment, and right to access and use of the property based on Big Cinemas' insistence that it duly performed all its obligations under the lease; however, the issue of Big Cinemas' breach of the lease's payment terms and WRI's right to possession of the property are material facts necessary to uphold the judgment in the unlawful detainer action. Issue preclusion thus bars Big Cinemas from relitigating these issues.

### c) Identity of Parties

As discussed above, there is no dispute that privity exists between the parties here.

\*     \*     \*

Both claim and issue preclusion bar Big Cinemas' claims for wrongful eviction, breach of the covenant of quiet enjoyment, and breach of contract. The First, Fourth, and Fifth Causes of action should be dismissed with prejudice.

**B. Big Cinemas' Remaining Claims**

**1. Conversion (Count Seven)**

Conversion is "the wrongful exercise of dominion over the property of another." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (internal citation omitted). Big Cinemas alleges that WRI unlawfully converted Big Cinemas' personal property when it took over possession of the theater. The elements of conversion under California law are (1) ownership of, or a right to possess, the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of the plaintiff's property rights; and (3) damages. *Farmers Ins. Exch. v. Zerin*, 53 Cal .App. 4th 445, 451 (1997).

WRI contends that Big Cinemas' claim fails as a matter of law because it complied with California Civil Code § 1993 et seq., which set forth procedures for the disposition of personal property remaining on the premises of commercial real property following the termination of a tenancy. In support of this contention, WRI requests that the Court take judicial notice of the notice it sent to Big Cinemas regarding the at-issue personal property. (Dkt. No. 56.)

When ruling on a motion to dismiss under Rule 12(b)(6), a district court may ordinarily not consider evidence outside the pleadings without converting the motion into a Rule 56 motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Although pursuant to Federal Rule of Evidence 201 the court may take judicial notice of matters of public record, it may not take judicial notice of facts that may be subject to reasonable dispute, or "on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (internal quotation marks and citation omitted). Because Plaintiff's request for judicial notice here seeks admission of facts disputed in the cross-complaint, the request for judicial notice of Exhibit G must be denied.

In the counter-complaint, Big Cinemas alleges that "[o]n or around May 2014, WRI converted Big Cinemas' personal property located inside the premises, including various commercial grade equipment for the operation of a movie theater. The location of the personal property was never disclosed nor returned to Big Cinemas." (Dkt. No. 52, Counter-Complaint at ¶

8.) Although Big Cinemas does not dispute notice in opposing the motion to dismiss and only argues that WRI wrongfully took possession of Big Cinemas' property because Big Cinemas had a lawful right to the property at the time it was locked out of the theater and until the time default was entered, the language of the counter-complaint suggests a dispute regarding notice.

Accordingly, because Big Cinemas' counter-complaint alleges that it did not have notice of the disposition of its property, and at the pleading stage the Court must construe allegations in the light most favorable to the non-moving party, dismissal is not appropriate on this record. The Court cannot find as a matter of law that Big Cinemas had notice. WRI's motion to dismiss Count Seven should therefore be denied.

### 2. Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Six)

California law requires that a claim for breach of the implied covenant of good faith and fair dealing "involve something more than breach of the contractual duty itself." *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 852 (C.D. Cal. 2004). "It involves unfair dealing, whether or not it also constitutes breach of a consensual contract term, prompted by a conscious and a deliberate act that 'unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party.'" *Id.* (quoting *Careau & Co. v. Sec. Pac.*, 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387 (1990)). Accordingly, "if the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract clause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id.* (internal quotation marks and citation omitted).

Big Cinemas alleges that "WRI has failed and refused, and continue [sic] to fail and refuse, to deal in good faith with Big Cinemas, and has therefore breached the covenant of good faith and fair dealing." (Dkt. No. 52, Counter-Complaint at ¶ 40.) In opposing the motion to dismiss, Big Cinemas clarifies that the claim is predicated on WRI's breach of its contractual responsibilities by failing to provide the required repairs agreed upon in the lease.

 "A breach of the contract may also constitute a breach of the implied covenant of good faith and fair dealing. But insofar as the [alleged] acts are directly actionable as a breach of an

implied-in-fact contract term, a claim that merely realleges that breach as a violation of the covenant is superfluous." *Guz v. Bechtel Nat. Inc*., 24 Cal. 4th 317, 352 (2000). Here, the breach of the implied covenant of good faith and fair dealing claim is predicated on WRI's alleged failure to make repairs as called for under the lease; as such, it is redundant to the contract claim and must be dismissed. While the Court is doubtful that Big Cinemas could amend the claim such that it is not barred by claim or issue preclusion and not redundant to the contract claim, the Court cannot conclude as a matter of law that it cannot do so. Consequently Count Six should be dismissed with leave to amend if Big Cinemas has a good faith basis to do so.

## CONCLUSION

For the reasons set forth above, the Court recommends that WRI's motion to dismiss Big Cinemas' counter-complaint be GRANTED as to the First, Second, Third, Fourth, Fifth, and Eighth Causes of Action without leave to amend, GRANTED as to Count Six with leave to amend, and DENIED as to Count Seven.

Any party may file objections to this report and recommendation with the district court judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated: October 1, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

13